1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

MORRIS DELBERT O'DELL,

9

                                   Petitioner,          Case No. C10-1405-MJP-JPD

10

          v.

GORDON KARLSSON,                              REPORT AND RECOMMENDATION

11

12

                                   Respondent.

13

INTRODUCTION AND SUMMARY CONCLUSION

14

         Petitioner Morris O'Dell is currently in the custody of the Washington Department of

15

Corrections pursuant to a 2003 judgment and sentence of the King County Superior Court.  He

16

has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from that

17

judgment.  Respondent has filed an answer to the petition in which he argues that the petition is

18

time-barred under the federal statute of limitations, 28 U.S.C. § 2244(d).  This Court, having

19

reviewed petitioner's petition, respondent's answer, and the balance of the record, concludes that

20

petitioner's federal habeas petition should be dismissed as untimely.

21

PROCEDURAL HISTORY

22

         On September 11, 2003, petitioner was found guilty, following a jury trial, of one count

23

of child molestation in the third degree, one count of attempted child molestation, and fifteen

REPORT AND RECOMMENDATION - 1

counts of communication with a minor for immoral purposes.  (*See* Dkt. No. 26, Exs. 1 and 2.)

On October 31, 2003, petitioner was sentenced to a total term of 47 months confinement.  (Dkt.

No. 26, Ex. 1 at 3.)  Petitioner appealed his convictions to the Washington Court of Appeals and,

on March 7, 2005, the Washington Court of Appeals issued an unpublished opinion affirming the

convictions.  (*See id*., Ex. 2.)  Petitioner thereafter sought discretionary review in the Washington

Supreme Court, and the Supreme Court denied review without comment on November 29, 2005.

(*See id*., Exs. 7 and 8.)  The Washington Court of Appeals issued its mandate terminating direct

review on January 13, 2006.  (*Id*., Ex. 9.)

On October 15, 2007, petitioner filed a motion in the King County Superior Court to

vacate his sentence.  (*Id*., Ex. 10.)  The Superior Court subsequently transferred the motion to the

Washington Court of Appeals for consideration as a personal restraint petition.  (*Id*., Ex. 11.)  On

January 14, 2008, the Washington Court of Appeals issued an order dismissing the petition on

the grounds that petitioner was attempting to re-litigate issues which had previously been

rejected on direct appeal.  (*Id*., Ex. 12.)  The Court of Appeals issued a certificate of finality in

petitioner's personal restraint proceedings on March 19, 2008.  (*Id*., Ex. 13.)

Petitioner now seeks federal habeas review of his convictions.  Petitioner signed his

federal habeas petition on August 28, 2010, and the petition was received by the Court for filing

on August 31, 2010.  (*See* Dkt. No. 6.)

DISCUSSION

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, Sec. 105 (1996), which

worked substantial changes in the law of federal post-conviction relief.  One of those changes

was to adopt a one-year statute of limitations for actions filed pursuant to § 2254.  *See* 28 U.S.C.

REPORT AND RECOMMENDATION - 2

§ 2244(d)(1).  The one year limitations period starts to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is longer.  28 U.S.C. § 2244(d)(1)(A).

In this case, the period for direct review ended, at the latest, upon the expiration of the period for filing a petition for writ of certiorari with the United States Supreme Court.  *See Bowen v. Roe* 188 F.3d 1157, 1158-59 (9th Cir. 1999).  The Washington Supreme Court denied petitioner's petition for review on direct appeal on November 29, 2005.  Petitioner had 90 days after the entry of that ruling (as opposed to the issuance of the state mandate), or until approximately February 27, 2006, to file a petition for a writ of certiorari in the United States Supreme Court.  *See* Rules 13.1 and 13.3 of the Rules of the Supreme Court of the United States.  Because petitioner did not file a petition for certiorari, his conviction became final on or about February 27, 2006.  28 U.S.C. § 2244(d)(1)(A).  Petitioner's one year statute of limitations began to run on the following day.  *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The one year limitations period is tolled for any "properly filed" collateral state challenge to the state conviction.  28 U.S.C. § 2244(d)(2).  While petitioner did file a collateral state challenge to his judgment and sentence, that challenge was not filed until October 15, 2007, well after the statute of limitations expired on February 28, 2007.  Petitioner's personal restraint proceedings in the state courts therefore would not have acted to toll the statue of limitations.  *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

The Ninth Circuit has determined that the statute of limitations governing federal habeas petitions is also subject to equitable tolling.  *Id*.  However, the Ninth Circuit has made clear that equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause

REPORT AND RECOMMENDATION - 3

1    of his untimeliness."  *Laws v. Lamarque*, 351 F.3d at 922 (internal quotation and citation

2    omitted).  Petitioner makes no showing that he is entitled to equitable tolling of the federal

3    statute of limitations.

4           As noted above, petitioner signed his federal habeas petition on August 28, 2010, three

5    and a half years after the statute of limitations expired on February 28, 2007.  Because petitioner

6    filed his petition outside of the § 2254 statute of limitations period, and because petitioner has

7    not demonstrated that he is entitled to any tolling of the limitations period, his petition is time-

8    barred.

9                                         Certificate of Appealability

10          A petitioner seeking post-conviction relief under § 2254 may appeal a district court's

11   dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA)

12   from a district or circuit judge.  A certificate of appealability may issue only where a petitioner

13   has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C.

14   § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could

15   disagree with the district court's resolution of his constitutional claims or that jurists could

16   conclude the issues presented are adequate to deserve encouragement to proceed further."

17   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Under this standard, this Court concludes that

18   petitioner is not entitled to a certificate of appealability in this action.

19                                            CONCLUSION

20          For the reasons set forth above, this Court recommends that petitioner's petition for writ

21   of habeas corpus be dismissed, with prejudice, pursuant to 28 U.S.C. § 2244(d).  This Court

22   //

23   //

REPORT AND RECOMMENDATION - 4

further recommends that a certificate of appealability be denied.  A proposed order accompanies this Report and Recommendation.

DATED this 8th day of April, 2011.

_James P. Donohue_

_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5